■ KEY BANK OF NORTHERN NEW YORK N. A., Respondent, v LAKE PLACID COMPANY et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered June 29, 1983 in Essex County, which denied the motion of defendants Lake Placid Company, Massanutten Village, Inc., and Lake Placid Club Lodges, Inc., to dismiss the complaint for failure to join certain necessary parties. ¶ By deed dated February 28, 1981, defendant Lake Placid Company (Company) transferred approximately 12 acres of its property in the Village of Lake Placid to defendant Lake Placid Club Lodges, Inc. (Lodges). This deed was recorded on March 9, 1981. Lodges thereafter constructed a time-sharing condominium complex on the 12-acre parcel which had been transferred to it by the Company. And, in due course, Lodges began selling its time-share condominium units to the public. ¶ On May 28, 1981, the Company issued a "Declaration of Covenants, Conditions, Restrictions, and Easements for Lands of Lake Placid Company" (the declaration). In that document, the Company purported to grant certain persons the right to use various facilities on Company property, including a resort hotel and other sports and entertainment facilities, "to the extent such facilities are or may hereinafter be in existence". ¶ In April, 1983, plaintiff initiated this lawsuit to foreclose on four mortgages given by the Company to plaintiff's predecessor, Farmers National Bank of Malone.* The complaint named, among other defendants, the Company, Lodges and Massanutten Village, Inc. (Massanutten), a Virginia corporation, which held all the shares of both the Company and Lodges. In May, 1983, the Company, Lodges and Massanutten moved to dismiss the complaint, claiming, *inter alia,* that plaintiff failed to join the holders of the time-sharing units as necessary parties. Special Term, without a written decision, denied the motion and this appeal ensued. ¶ The sole issue on this appeal is whether the time-share owners are indispensable parties to the instant foreclosure action. In this regard, defendants contend that the Company's declaration of May, 1981 in some way created rights for the time-sharers in the Company's property adjoining the land deeded to Lodges. This contention is without merit. The declaration on its face pertained to property which it might convey in the future, and therefore did not apply to that parcel of land it had previously conveyed to Lodges in February, 1981. Moreover, the rights and benefits created by the declaration expressly ran in favor of those to whom the Company might *thereafter* convey property or those who had a present legal right to be on the property *then owned* by the Company. The time-share owners fall into neither of these categories, and thus obtained no rights from the declaration. Accordingly, they acquired no rights in the Company's property and are not necessary parties. ¶ Moreover, even if we were to agree with defendants that the time-share

---

* Plaintiff asserts in its affidavit that the 12-acre parcel conveyed to Lodges in February, 1981 was released from the mortgages. Defendants do not dispute this allegation and, accordingly, we must proceed on the assumption that the above referenced 12-acre parcel is removed from this foreclosure action.

owners possessed rights in the mortgaged property and were thus necessary parties, the fact would remain that the time-share owners are not indispensable parties whose absence mandates dismissal of the action (see *Polish Nat. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 403-406). The order should, therefore, be affirmed. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.